UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL MURPHY,

       Plaintiff,

                                     Case Number 11-15510
v.                                       Honorable David M. Lawson

STATE OF MAINE, LEIGH SAUFLEY,
DONALD ALEXANDER, WARREN SILVER,
ELLEN GORMAN, ANDREW MEAD,
JOSEPH JABAR, PAUL COTE, MICHAELA
MURPHY, ANDREW ROBINSON, JAMES
ANDREWS, JANE DOE, and JOHN DOE,

       Defendants.

_____/

## ORDER DISMISSING CASE

On December 16, 2011, the plaintiff filed a complaint against the State of Maine and several residents of Maine, alleging that the defendants violated a number of federal laws and provisions of the U.S. Constitution by taking her personal and real property located in the State of Maine.

Generally, the Court is required to dismiss any case filed in the wrong jurisdiction, but it has discretion to "transfer such [a] case to any district or division in which it could have been brought." 28 U.S.C. § 1406. The Supreme Court explained that section 1406 provides district courts discretion to transfer, rather than dismiss, cases to remedy the "injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962). However, the Sixth Circuit has concluded that "the *Goldlawr* [C]ourt cannot have intended that dismissal of a complaint filed, deliberately or carelessly, in the wrong district should be excused as a justice-defeating technicality." *Stanifer v. Brannan*, 564 F.3d

455, 459 (6th Cir. 2009) (citing *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) (holding that transfer under section 1406 is inappropriate "where a plaintiff's attorney file[d] in the wrong jurisdiction not 'because they . . . made an erroneous guess with regard to an elusive fact,' but because he/she made an obvious error"); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *Spar, Inc. v. Information Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[A] transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.")). Further, the Sixth Circuit has explained that transfer is appropriate only when there is "an assertion of subject-matter or personal jurisdiction that provided some arguable basis for thinking that the action was properly brought in the district in which it was originally filed." *Stanifer*, 564 F.3d at 460.

The Court does not believe that the plaintiff has an arguable basis for thinking that the action was properly brought in the Eastern District of Michigan. The present action may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

The complaint makes the following allegations regarding the defendants:

> State of Maine d.b.a. Corporation is sued in its corporate capacity doing business from 1 State House Station, Augusta, ME 04330 sued jointly and severally
>
> Leigh Saufley, Donald Alexander, Warren Silver, Ellen Gorman, Andrew Mead, Joseph Jabar are hereby sued in each person's individual capacity, personal capacity, jointly and [and] severally, doing business from 205 Newbury St., Rm 139, Portland, ME 04101-4125.

> PaulCote is hereby sued in his individual & personal capacity, jointly [and] severally doing business from 71 Lisbon Street, Lewiston, ME 04240.
>
> Michaela Murphy, Andrew Robinson, & James Andrews are hereby sued in each person's individual [and] personal capacity, jointly [and] severally doing business from 140 Main Street, Farmington, ME 04938.

Compl. at 5-6. It is clear that the defendants are residents of Maine, making venue improper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). The complaint's allegations deal with purported violations of federal law in Maine; Michigan is never mentioned in the complaint. Venue is improper under 28 U.S.C. § 1391(b)(2) as well. The Eastern District of Michigan is an improper venue under 28 U.S.C. § 1391(b)(3) because none of the defendants may be found here.

The Court is at a loss as to why the plaintiff chose to file suit in an obviously improper venue. The complaint, however, does provide a clue. The plaintiff alleges that she has been barred from filing suit in the United States District Court for the District of Maine without the express permission of its chief judge. Compl., Ex. B at 12. It appears that the plaintiff would rather try her hand in a new, albeit improper, forum than ask for permission to file a complaint in the appropriate district court.

The Court finds that transfer is an inappropriate remedy in this situation because transferring the case to the United States District Court for the District of Maine would allow the plaintiff an end run around the United States District Court for the District of Maine's order prohibiting the plaintiff from filing complaints without permission. Additionally, transfer would require an expenditure of judicial resources best avoided until the United States District Court for the District of Maine authorizes the plaintiff's suit.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

                                      s/David M. Lawson
                                      DAVID M. LAWSON
                                      United States District Judge

Dated: January 18, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2012.

                                      s/Deborah R. Tofil
                                      DEBORAH R. TOFIL